**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TIMOTHY H. HALL,<br>             Appellant, | DOCKET NUMBER<br>SF-831E-19-0729-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>             Agency. | DATE: July 18, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Timothy H. Hall</u>, Stockton, California, pro se.

<u>Trina Janifer</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his Civil Service Retirement System (CSRS) disability retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The record in this appeal is sparse. However, based on the parties' pleadings and the extant documentary evidence, the following facts appear to be true. The appellant was employed with the Department of the Navy and covered under CSRS. Initial Appeal File (IAF), Tab 3 at 2, Tab 9 at 8. He sustained a compensable injury and, in 1986, began receiving workers' compensation benefits.[2] IAF, Tab 3 at 2. The appellant remains on the workers' compensation rolls, but the record does not reflect whether or when he was ever separated from service. *Id.*

At some point, the appellant filed an application for disability retirement, but on December 19, 1991, OPM issued a final decision denying the application on the basis that the appellant lacked 5 years of creditable service. IAF, Tab 9 at 8. The appellant filed a Board appeal, and on March 4, 1992, the administrative judge issued an initial decision dismissing the appeal as withdrawn. *Hall v. Office of Personnel Management*, MSPB Docket No.

---

[2] It would appear that the Office of Workers' Compensation Programs found the appellant to be totally disabled, but the record is not clear on this point.

SF-831E-92-0412-I-1, Initial Decision (0412 ID) at 1-2 (Mar. 4, 1992); IAF, Tab 9 at 11-12. It appears that the appellant appealed to the U.S. Court of Appeals for the Federal Circuit, but the record does not reflect the disposition of that action. IAF, Tab 9 at 7.

On July 15, 2010, the appellant again contacted OPM concerning his disability retirement. *Id.* OPM issued a reply letter dated September 20, 2012, notifying the appellant that "all due process [had] been exhausted" with regard to his disability retirement claim, and that any further inquiries must be directed to the Board. *Id.* The appellant claims not to have received this letter until he contacted OPM again some 7 years later. IAF, Tab 3 at 1-2. Specifically, in the summer of 2019, the appellant contacted OPM to renew his pursuit of disability retirement benefits. *Id.* at 1. On August 26, 2019, OPM responded by referring the appellant to its September 20, 2012 letter. IAF, Tab 1 at 9.

On September 25, 2019, the appellant filed the instant appeal, indicating that he was appealing a denial of disability retirement benefits dated September 20, 2012. *Id.* at 2-3, 12. The administrative judge issued an acknowledgment order, informing the appellant that the Board may lack jurisdiction over his appeal if OPM has not issued a final decision. IAF, Tab 2 at 2. The administrative judge also notified the appellant that his appeal appeared to be untimely, and she apprised him of the Board's timeliness and good cause standards. *Id.* at 3-4. She ordered the parties to file evidence and argument on these issues. *Id.* at 2-6. After the parties responded, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction or alternatively as res judicata. IAF, Tab 10, Initial Decision (ID). She did not reach the timeliness issue. ID at 10 n.1.

The appellant filed a petition for review, stating that he filed the instant appeal based on incorrect instructions from OPM, and that he "should be able to close this appeal" and reapply for disability retirement. Petition for Review (PFR) File, Tab 1 at 1. The Clerk of the Board issued an order, inquiring whether

the appellant wished to withdraw his petition for review. PFR File, Tab 3. The appellant responded that he does not wish to withdraw his petition for review, and that he only wants to know whether a withdrawal would enable him to file a new application for disability retirement. PFR File, Tab 4. OPM has not filed a response.

## ANALYSIS

The Board's jurisdiction to adjudicate CSRS appeals derives from statute: "[A]n administrative action or order affecting the rights or interests of an individual or of the United States under this subchapter may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." 5 U.S.C. § 8347(d)(1). For purposes of CSRS disability retirement, the Board has jurisdiction over final decisions issued by OPM under 5 C.F.R. § 831.109(f). *See Watson v Office of Personnel Management*, 50 M.S.P.R. 546, 548 (1991); 5 C.F.R. § 831.110.

In this case, we agree with the administrative judge that OPM's September 20, 2012 letter does not constitute an appealable "final decision" within the meaning of 5 C.F.R. § 831.109(f). ID at 4-5; *see Muyco v. Office of Personnel Management*, 104 M.S.P.R. 557, ¶ 11 (2007). It is not styled as such, it does not purport to constitute a ruling on any application, it contains no substantive discussion of the appellant's claim, and it does not contain any notice of appeal rights. IAF, Tab 9 at 15; *cf.* 5 C.F.R. § 831.109(c), (f) (setting forth the requirements for an OPM final decision). Underscoring the fact that the letter itself does not constitute a final decision is its reference back to the final decision issued on December 19, 1991. IAF, Tab 9 at 8, 15. For these same reasons, we find that the August 26, 2019 letter does not constitute an appealable final decision. IAF, Tab 1 at 9. In light of this determination, we do not reach the administrative judge's alternative finding that, if either of these letters constituted

a new final decision within the Board's jurisdiction, the appeal would be barred as res judicata. ID at 5.

However, to the extent that the appellant is attempting to contest OPM's December 19, 1991 final decision, we find that this matter is res judicata. Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Res judicata is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* We find that all three elements are satisfied with respect to OPM's December 19, 1991 denial of the appellant's disability retirement application. As the administrative judge in that appeal correctly found, the Board had jurisdiction under 5 U.S.C. § 8347(d). 0412 ID at 1; IAF, Tab 9 at 11. The appellant's withdrawal of that appeal was tantamount to a judgment on the merits, and the same parties and the same cause of action are at issue. *See Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (2006) (treating a dismissal as withdrawn as a final judgment on the merits for purposes of res judicata); *Frias v. U.S. Postal Service*, 63 M.S.P.R. 276, 280, (stating that, for res judicata purposes, a cause of action is the set of facts which gives an appellant the right to seek relief from an agency), *aff'd*, 43 F.3d 1486 (Fed. Cir. 1994) (Table).

Based on his pleadings, it appears that the appellant is not requesting that the Board reopen his prior appeal. PFR File, Tab 1 at 1. Nor would the Board be inclined to grant such a request because its authority to reopen an appeal is limited by the requirement that it be exercised within a reasonable amount of time, which is generally measured in weeks rather than years. *See Lauer v. Department of Transportation*, 65 M.S.P.R. 224, 226 (1994). Not only have more than 30 years elapsed since the Board issued its final decision, but the appellant

has not provided any sort of evidence or argument casting doubt on the correctness of the result. He does, however, appear to allege that circumstances have changed so that he is now eligible for disability retirement.

In that regard, the appellant states that, regardless of whether he had 5 years of creditable service at the time of his original disability retirement application, as required under 5 U.S.C. § 8337(a), he now satisfies that requirement because he has remained on the Federal employment rolls notwithstanding his receipt of workers' compensation benefits.[3] PFR File, Tab 1 at 1; IAF, Tab 1 at 3, Tab 3 at 2. The record contains insufficient information for us to make any findings on this matter, and in any event, the authority to make such determinations in the first instance belongs to OPM and not the Board. *See* 5 U.S.C. § 8347(b); *Lary v. U.S. Postal Service*, 108 M.S.P.R. 145, ¶ 7 (2007); *see also* 5 U.S.C. § 1205(g) (prohibiting the Board from issuing advisory opinions). However, because the appellant's previous disability retirement application has already been fully adjudicated, OPM will only make a new determination if the appellant files a new application for disability retirement. *See* 5 U.S.C. § 8337(a); *Muyco*, 104 M.S.P.R. 557, ¶ 11 (2007) ("[O]nce OPM has previously issued a final decision on an individual's entitlement to a CSRS retirement annuity, OPM will not issue another decision unless the individual submits new evidence that establishes actual entitlement to an annuity."); 5 C.F.R. § 831.104(a). The appellant is not precluded from filing a new disability retirement application with OPM based on a change in his eligibility status since his previous application. *See Greenwood v. Office of Personnel Management*, 10 M.S.P.R. 88, 90 (1982). Nevertheless, we express no opinion on whether any such application would be timely under 5 U.S.C. § 8337(b) and 5 C.F.R. § 831.1203(a)(5), or whether the appellant now, in fact, meets the disability retirement criteria of 5 U.S.C. § 8337(a) and 5 C.F.R. § 831.1203(a).

---

[3] Under 5 U.S.C. § 8332(f), "credit shall be allowed for leaves of absence without pay granted an employee while performing military service or while receiving [workers' compensation] benefits under subchapter I of chapter 81 of this title."

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.